```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

THOMAS E. STURDIVANT,            :
                                 :
       Plaintiff,                :
                                 :
vs.                              :    CIVIL ACTION 09-0548-WS-M
                                 :
STEPEN BRAIDLY, et al.,          :
                                 :
       Defendants.               :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 with an Affidavit to Proceed In Forma Pauperis in the Northern District of Alabama (Docs. 1, 2). This action was transferred and filed in this Court on August 25, 2009 (Doc. 5). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to prosecute and to comply with the Court's Orders.

On September 23, 2009, Plaintiff was ordered to file this Court's forms for a complaint under 42 U.S.C. § 1983 and for a motion to proceed without prepayment of fees, or pay the $350.00 filing fee by October 22, 2009 (Doc. 6). On October 13, 2009, Plaintiff filed an handwritten Motion (Doc. 7). In Plaintiff's motion, he requested that he be allowed to proceed in forma pauperis because he is presently paying the filing fee in another action pending in this Court. On October 16, 2009, Plaintiff's

motion was denied.  Plaintiff was advised that he had to pay the filing fee in each civil action that he filed with the Court.  The time for Plaintiff to respond to the Court's Order dated September 23, 2009, was extended to November 6, 2009 (Doc. 8).  The Order was mailed to Plaintiff at Bibb County Correctional Facility, 565 Bibb Lane, Brent, Alabama, his last known address.  Plaintiff was warned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of his action (Docs. 6, 8).  To date, Plaintiff has not responded, nor has the Order been returned to the Court by postal authorities as undelivered.  The Court finds that Plaintiff has clearly abandoned prosecution of this action.

Due to Plaintiff's failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985);

Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de

>       novo and a different disposition made.  It is
>       insufficient to submit only a copy of the original
>       brief submitted to the magistrate judge, although a
>       copy of the original brief may be submitted or referred
>       to and incorporated into the brief in support of the
>       objection.  Failure to submit a brief in support of the
>       objection may be deemed an abandonment of the
>       objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   DONE this 19th day of November, 2009.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

4